UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

VICKI AGUILAR,

    Plaintiff,

v.                                Case No: 2:19-cv-67-FtM-99UAM

B BRAUN MEDICAL INC and B BRAUN INTERVENTIONAL SYSTEMS, INC,

    Defendants.

## OPINION AND ORDER

This matter comes before the Court on defendants' Motion to Dismiss (Doc. #20) filed on March 13, 2019. Plaintiff filed a Response in Opposition (Doc. #23) on March 27, 2019, and defendants filed a Reply (Doc. #27) on April 8, 2019. For the reasons set forth below, the Complaint (Doc. #7) is dismissed as a shotgun pleading with leave to amend.

**I.**

This is a products liability case involving the B. Braun VenaTech LP inferior vena cava filter, an implantable medical device manufactured by defendants designed to trap and dispel blood clots. Plaintiff Vicki Aguilar was implanted with the VenaTech in 2008 for the treatment of pulmonary embolism and deep vein thrombosis. Nine years later, a scan of the filter revealed "tiling and perforation." Plaintiff alleges injuries as a result.

Defendants move to dismiss the Complaint (Doc. #7) in part because it is a shotgun pleading. (Doc. #20, n.7.)

**II.**

Under Federal Rule of Civil Procedure 8(a)(2), a Complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Shotgun pleadings violate Rule 8, which requires "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), by "fail[ing] to one degree or another ... to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." <u>Weiland v. Palm Beach Cnty. Sheriff's Ofc.</u>, 792 F.3d 1313, 1323 (11th Cir. 2015) (defining the four types of shotgun pleadings).[1] Courts in

---

[1] The four "rough" types or categories of shotgun pleadings identified by the Eleventh Circuit in <u>Weiland</u> are:

> The most common type — by a long shot — is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint. The next most common type, at least as far as our published opinions on the subject reflect, is a complaint that does not commit the mortal sin of re-alleging all preceding counts but is guilty of the venial sin of being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action. The third type of shotgun pleading is one that commits the sin of not separating into a different count each cause of action or claim for relief. Fourth, and finally, there is the relatively rare sin of asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of

the Eleventh Circuit have little tolerance for shotgun pleadings. See generally Jackson v. Bank of America, 898 F.3d 1348, 1357-58 (11th Cir. 2018) (detailing the unacceptable consequences of shotgun pleading).  A district court has the "inherent authority to control its docket and ensure the prompt resolution of lawsuits," which includes the ability to dismiss a complaint on shotgun pleading grounds.  Weiland, 792 F.3d at 1320.  In a case where a defendant files a shotgun pleading, a court "should strike the [pleading] and instruct counsel to replead the case – if counsel could in good faith make the representations required by Fed. R. Civ. P. 11(b)."  Byrne v. Nezhat, 261 F.3d 1075, 1133 n.113 (quoting Cramer v. Florida, 117 F.3d 1258, 1263 (11th Cir. 1997)).

## III.

Defendants assert that the Complaint is a shotgun pleading because it fails to distinguish between the defendants and otherwise articulate what conduct is attributable to which defendant.  The Court agrees.  Each count fails to identify the specific facts and the particular nature of the violations that each defendant allegedly committed.  And the Court cannot discern whether lumping defendants together could make sense in this case

---

the defendants the claim is brought against.
Weiland, 792 F.3d at 1322-23.

because the Complaint does not clearly describe the defendants' relationship to one another or its corporate structure. Instead, the Complaint states that "each Defendants were the representative, agent, employee, or alter ego of the other Defendant(s) and in doing the things alleged in this Complaint was acting within the scope of its authority." (Doc. #7, ¶ 6.) The Complaint further states that "each of the named Defendants is responsible in some manner for the occurrences alleged herein and caused the hereinafter described injuries and damages sustained by Plaintiff." (Id., ¶ 10.) The problem is further compounded by defendants' statement in their Motion that B. Braun Medical, Inc. was not involved in the design, development, manufacture, or distribution of the product at any times relevant to plaintiff's claims. (Doc. #20, n.1.)

The Court also notes that the Compliant is a shotgun pleading in another respect – Count X incorporates all 261 paragraphs before it into that count. "The typical shotgun complaint contains several counts, each one incorporating by reference the allegations of its predecessors, leading to a situation where most of the counts (i.e., all but the first) contain irrelevant factual allegations and legal conclusions." Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp., 305 F.3d 1293, 1295 (11th Cir. 2002). Doing so makes it nearly impossible for defendants and the Court to determine which factual allegations give rise to Count X.

"In dismissing a shotgun complaint for noncompliance with Rule 8(a), a district court must give the plaintiff 'one chance to remedy such deficiencies.'" Jackson, 2018 WL 3673002, 898 F.3d at 1358 (quoting Vibe Micro, Inc. v. Shabanets, 878 F.3d 1291, 1295 (11th Cir. 2018)). Accordingly, plaintiff will be provided an opportunity to amend, but if the Amended Complaint is a shotgun pleading, the Court has authority to dismiss it *on that basis alone*. See, e.g., Weiland, 792 F.3d at 1320 (explaining that the district court retains "inherent authority to control its docket and ensure the prompt resolution of lawsuits," including, under proper circumstances, "the power to dismiss a complaint for failure to comply with Rule 8(a)(2)").

The Court will therefore dismiss the Complaint with leave to amend. The Court will otherwise deny the Motion to Dismiss, with leave to refile a similar motion, if appropriate, after an Amended Complaint is filed.

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1. The Complaint (Doc. #7) is dismissed without prejudice to filing an Amended Complaint within **fourteen (14) days** of this Opinion and Order. The failure to file an Amended Complaint will result in the closure of this case without further notice.

2. Defendants' Motion to Dismiss (Doc. #20) is **denied without prejudice.**

**DONE and ORDERED** at Fort Myers, Florida, this __20th__ day of May, 2019.

John E. Steele
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record